UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF MICHIGAN REGIONAL COUNCIL OF CARPENTERS' EMPLOYEE BENEFITS FUND; TRUSTEES OF CARPENTERS' PENSION TRUST FUND - DETROIT AND VICINITY; TRUSTEES OF MICHIGAN REGIONAL COUNCIL OF CARPENTERS' ANNUITY FUND; TRUSTEES OF THE MICHIGAN STATEWIDE CARPENTERS AND MILLWRIGHTS JOINT APPRENTICESHIP AND TRAINING FUND; TRUSTEES OF THE CARPENTERS' STEWARD FUND; TRUSTEES OF THE CARPENTER'S WORKING DUES FUND; TRUSTEES OF THE CARPENTERS' INDUSTRY ADVANCEMENT FUND; TRUSTEES OF THE CARPENTERS' GUARANTY FUND; TRUSTEES OF THE CARPENTERS' BUILDING FUND; THE MICHIGAN REGIONAL COUNCIL OF CARPENTERS, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA;

Case No.: 2019-13362
Hon.
Magistrate Judge:

      Plaintiffs,

v.

SAN MARINO CEMENT WALL, INC., a Michigan Corporation and GEORGE RASTELLI, an individual, jointly and severally.

      Defendants.

NOVARA TESIJA & CATENACCI, PLLC
Bryan M. Beckerman (P51925)
Alexander A. Dombrow (P82753)
Attorneys for Plaintiffs
888 W. Big Beaver Rd., Suite 600
Troy, MI  48084
(248) 354-0380
bmb@ntclaw.com
aad@ntclaw.com

# **PLAINTIFFS' COMPLAINT**

NOW COME, Plaintiffs, by and through their attorneys, NOVARA TESIJA & CATENACCI, PLLC, and for their Complaint, state as follows:

1. The Trustees of the Michigan Regional Council of Carpenters' Employee Benefits Fund; Trustees of the Carpenters' Pension Trust Fund – Detroit and Vicinity; Trustees of the Michigan Regional Council of Carpenters' Annuity Fund; Trustees of the Michigan Statewide Carpenters & Millwrights Joint Apprenticeship and Training Fund; Trustees of the Carpenters' Labor Management Productivity and Training Fund; Trustees of the Carpenters' Apprentice Reimbursement Fund; Trustees of the Carpenters' Working Dues Fund; Trustees of the Carpenters' Industry Advancement Fund; Trustees of the Carpenters' Special Assessment Fund; Trustees of the Carpenters' Guaranty Fund; and the Michigan Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America (collectively "the Funds") are each a jointly-trusted fund established pursuant to Section 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 186 and Sections 302 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sections 1132 and 1145, and bring this action on behalf of their individual participants.

2. The Michigan Regional Council of Carpenters (hereinafter "MRCC" or "Union") is a labor organization, as defined in Section 451 of the National Labor

Relations Act, 29 U.S.C. § 152 (5), with its principal place of business located at 400 Renaissance Center, Suite 1010, Detroit, Michigan 48243.

3. Upon information, knowledge and belief, Defendant San Marino Cement Wall, Inc. ("San Marino") is a Michigan Limited Liability Company located at 249 E. St. Clair, Romeo, Michigan 48065, and is doing business in the State of Michigan.

4. Defendant George Rastelli ("Rastelli") is an owner, officer, director and shareholder of San Marino, located at 1955 Bellingham, Troy, Michigan 48083, and is doing business in the State of Michigan.

5. Jurisdiction in this Court is founded on Section 301(a) of the LMRA, as amended, 29 U.S.C. Section 185(a) and Sections 502 and 515 of ERISA, 29 U.S.C. Section 1132 and 1145, as amended by the Multiemployer Pension Plan Amendment Act of 1980 ("MPPAA") and Federal common law. This Court also has supplemental jurisdiction of any state-law claims ancillary to the relief sought herein.

## COUNT I
## ERISA: DELINQUENT CONTRIBUTIONS

6. Plaintiffs hereby re-allege and incorporate the allegations contained in Paragraphs 1 through 5 of their Complaint as fully set forth herein.

7. Section 515 of ERISA provides that "every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent

with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

8. Section 502 of ERISA provides a federal forum for enforcement of the various duties imposed by ERISA, including, but not limited to, allowance of a lawsuit to enjoin any act which violates ERISA or to obtain other appropriate legal and equitable relief.

9. Pursuant to the collective bargaining agreement (hereinafter "CBA") between San Marino and the Union, San Marino agreed to make employee fringe benefit contributions and assessments to the Funds for each employee covered by the CBA, which are individuals in the appropriate bargaining unit who perform covered work ("Employees"), and to be bound by the terms and conditions set forth in the Funds' Trust Agreements (the "Trust Agreements"). Defendants have a copy of all records within their files. Notwithstanding, a copy of the CBA, along with its signature page is attached hereto as **Exhibit 1** and made a part hereof by reference and the relevant Trust Agreements are attached hereto as **Exhibit 2, 2-1 and 2-2** and made a part hereof by reference.

10. The Funds are third-party beneficiaries of the parties' CBA.

11. San Marino has violated both its contractual and statutory obligations by failing to make all of the fringe benefit contributions and assessments due on behalf of each Employee covered by the CBA and as incorporated in same, the relevant Trust Agreements.

12. As a result of San Marino's violations of its contractual and statutory obligations, Defendants have violated ERISA, the CBA and the relevant Trust Agreements.

13. Plaintiffs are entitled to all remedies under ERISA, including, but not limited to, payment of fringe benefit contributions owed, audit assessments, liquidated damages, attorneys' fees and costs.

14. At all relevant times, Defendant San Marino was bound to the parties' CBA, which includes, but is not limited to, the time period of May 2013 through June 2015.

15. The Funds have been damaged in such an amount as found due by the February 22, 2019 audit, being $76,046.76 (see **Exhibit 3**, February 22, 2019 Audit, attached hereto and made a part hereof by reference).

16. Further, in operating San Marino, Defendant Rastelli has, among other things, (a) failed to follow business formalities, (b) failed to adequately capitalize the business which has caused a failure to remit contributions to Plaintiffs, (c) commingled personal and business assets, and (d) committed fraud by taking monies from the business while failing to make fringe benefit contributions to Plaintiffs.

17. An injustice will be imposed on Plaintiffs in the absence of individual liability because the ability of Defendant San Marino to pay delinquencies owed to Plaintiffs is in serious doubt.

18. Defendant San Marino has fraudulently avoided paying required benefit contributions to Plaintiffs and engaged in misconduct, which includes, but is not limited to, converting money paid to it for the purpose of paying benefit contributions to Plaintiff Funds and retaining monies required to be paid for the benefit of its employees.

19. As an officer, director, shareholder and person who makes decisions, Rastelli is responsible for Defendant San Marino's compliance with its contractual and statutory obligations to Plaintiffs, notwithstanding, Defendant Rastelli failed to follow business formalities, had personal knowledge of San Marino's undercapitalization, and with the requisite intent, fraudulently and improperly diverted monies which were to be paid for the benefit of its employees.

20. Because of Defendant Rastelli's actions and/or inactions cited within this Complaint, Plaintiffs have suffered financial losses.

WHEREFORE, Plaintiffs request that the Honorable Court grant the following relief:

a. Enter a judgment in the Plaintiffs' favor against San Marino and Rastelli for $76,046.76, as found owing by said audit, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

b. That jurisdiction of this matter be retained pending compliance with the Court's orders; and

c. Any such other, further or different relief as may be just and equitable under the circumstances.

## COUNT II

## **FAILURE TO PERMIT UPDATED AUDIT**

21. Plaintiffs hereby repeat, re-allege and incorporate the allegations of Paragraphs 1 through 20 of their Complaint as fully set forth herein.

22. Pursuant to the terms of the CBA, Defendant San Marino is required to pay monthly fringe benefit contributions **and** submit its pertinent books and records for an audit by the Funds, in order to verify the accuracy of said contributions.

23. Defendant San Marino has violated its contractual and statutory obligations by failing to pay all of the fringe benefit contributions required by the CBA, **and** by failing to permit to an audit of its records.

24. The Funds have been damaged in an amount, as shall be verified and determined, by an updated audit.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant the following relief:

    a. Order that Defendant San Marino submit to an audit of its records to verify the amounts owing Plaintiffs;

    b. Enter a judgment in the Funds' favor against Defendants San Marino and Rastelli, for an amount to be determined as due and owing by said audit and any other sums including but not limited to attorney fees, statutory interest and costs that may become due or discovered to be due the Funds during the pendency of this action;

    c. Any such other, further or different relief as may be just and equitable under the circumstances; and

    d. That jurisdiction of this matter be retained, pending compliance with the Court's orders.

## COUNT III
## BREACH OF FIDUCIARY DUTIES

25. Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1 through 24 of their Complaint as fully set forth herein.

### General

26. Participants of the Funds were employed by San Marino to perform work and provide labor on various construction projects in the State of Michigan.

27. The construction projects were within the Union's jurisdiction pursuant to the CBA executed by the parties.

28. The participants of the Funds provided labor and services, on behalf of San Marino, pursuant to the parties' CBA and thus earned outstanding fringe benefit contributions in connection with and in furtherance of their employment and labor on said projects.

29. San Marino was obligated to pay fringe benefit contributions to the Funds for these participants on said projects.

30. The outstanding accrued fringe benefit contributions were properly payable to the Funds administered by Plaintiffs when due.

31. San Marino received monies on said projects but failed to pay all of the fringe benefit contributions owed the Funds on said projects when due.

32. The accrued fringe benefit contributions and monies in San Marinos' possession, custody and/or control from said projects which were available to pay the participants' accrued fringe benefit contributions were to be held in trust by

Defendants in their capacity as fiduciaries, as required by ERISA, 29 U.S.C. §1145, until Defendants paid to Plaintiffs said fringe benefit contributions in accordance with the terms and conditions of their CBA and Trust Agreements.

33. The Trust Agreements for the Funds, incorporated by the relevant CBA (see **Exhibit 2,** Fourth Amendment, Article II, Section 2.3, Pages 22-23; **Exhibit 2-1,** Article VI, Section 8, Page 23; and **Exhibit 2-2,** Article II, Section 2.3, Page 34-35, attached hereto and made a part hereof by reference) provide that unpaid contributions become plan assets at the time they become due.

34. Defendants, including the individual Defendant, being Rastelli had actual and/or constructive notice of the above-referenced Trust Agreements and their respective amendments.

35. Thus, San Marino accrued fringe benefit contributions owed to the Funds on said projects, that became plan assets of the respective Funds administered by Plaintiffs at the time they became due as provided for in the Trust Agreement and Plan documents, within the meaning of ERISA §3(21)(A); 29 U.S.C. §1002(21)(A).

36. ERISA provides that a person is a fiduciary with respect to the Funds to the extent that the person exercises any discretionary authority or control with the respect to the disposition of Plan assets. ERISA §3(21)(A); 29 U.S.C. § 1002(21)(A).

37. The Owner, officer, director and/or manager of San Marino is considered a fiduciary of the Funds based upon the conduct and authority of said person,

including, but not limited to, his personal exercise of discretionary authority and control over the Funds' assets.

### George Rastelli

38. George Rastelli as an owner, officer, director and/or manager of San Marino, upon information, knowledge and belief, personally exercised discretionary authority and control over the disposition of San Marino's accrued fringe benefit contributions, being plan assets recognized by ERISA.

39. George Rastelli, as an owner, officer, director and/or manager of San Marino is considered a fiduciary of the Funds based upon his conduct and authority over the contributions associated with same.

40. Upon information, knowledge and belief, George Rastelli, as an owner, officer, director and/or manager of San Marino, personally exercised discretionary authority and control over the disposition of San Marino's accrued fringe benefit contributions, which are plan assets as defined by ERISA and the relevant Trust Agreement and Plan documents.

41. Since George Rastelli, as an owner, officer, director and/or manager of San Marino, personally exercised discretionary authority and control over San Marino's accrued fringe benefit contributions, being plan assets, he is a fiduciary of the Funds.

42. Although legally and contractually obligated to do so, George Rastelli failed to turn over the above-mentioned plan assets by failing to pay all of the accrued outstanding fringe benefit contributions to Plaintiffs when due.

43. Upon information, knowledge and belief, George Rastelli utilized the accrued outstanding fringe benefit contributions and monies within his possession, custody and/or control for purposes other than payment to Plaintiffs.

44. In failing to turn over such plan assets to Plaintiffs, George Rastelli violated 29 U.S.C. §§1145, 1104 and 1109, and his obligations under the CBA and Trust Agreements.

45. George Rastelli's failure to turn over the plan assets, failure to make fringe benefit contributions to Plaintiffs, failure to account for those contributions, and misuse of funds and monies otherwise payable to Plaintiffs, constitutes a breach of fiduciary duties regarding the Funds pursuant to 29 U.S.C. §1104(a)(1)(A) and are violations of 29 U.S.C. §§ 1145, 1104 and 1109(a).

46. Thus, by directing that San Marino's assets, which were owed to the Funds, be paid for other purposes instead of being deposited with the Funds for their participants and beneficiaries, George Rastelli failed to discharge his fiduciary duties with respect to the Funds solely in the interest of the participants and beneficiaries as required by ERISA 404(a)(1); 29 U.S.C. §1104(a)(1).

47. ERISA imposes personal liability on a fiduciary who breaches fiduciary duties. 29 U.S.C. §1109.

48. As a result of his above-mentioned actions, George Rastelli breached his fiduciary duties owed to the Funds and is thus, personally liable to the Funds for such breaches.

49.     Defendant George Rastelli knew or should have known that he would be held personally liable for his above-referenced actions.

50.     ERISA also provides that if there is a loss caused by a breach of fiduciary duty, the fiduciary must make the Plan whole by restoring any losses caused by the breach. 29 U.S.C. §1109.

51.     Due to the above-mentioned actions of George Rastelli, the loss to the Funds is $76,046.76.

52.     George Rastelli, as a fiduciary, must make the Funds whole by restoring the above-mentioned losses of $76,046.76, to the Funds.

53.     As stated within, the Funds have been damaged in an amount of $76,046.76 because of George Rastelli's breach of his fiduciary duties.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

a. Enter a judgment in the Plaintiffs' favor against San Marino and George Rastelli for $76,046.76 as found owing by said audit, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

b. That jurisdiction of this matter be retained pending compliance with the Court's orders; and

c. Enter a declaratory order finding that San Marino is bound by the CBA; and

d. Any such other, further or different relief as may be just and equitable under the circumstances.

## COUNT IV
## BUILDERS TRUST FUND

54. Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1 through 53 of their Complaint as fully set forth herein.

55. Participants of the Funds were employed by San Marino to perform work on various construction projects in the State of Michigan.

56. San Marino has failed to pay all of the fringe benefit contributions owed the Funds on said projects.

57. The Michigan Building Contract Fund Act (the "Act"), MCLR 570.151 et seq., imposes a trust on funds paid to a building contractor with subcontractors and material men as beneficiaries of said trust.

58. Under the Act, San Marino and George Rastelli is a fiduciary and trustee for the Funds' participants, who are the beneficiaries of all monies paid to San Marino on said projects.

59. The Defendants have failed to pay over to the Funds the monies held in trust and covered by the Act, which are due the Plaintiffs.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

   a. Enter a judgment in the Plaintiffs' favor against Defendants San Marino and George Rastelli for no less than $76,046.76 as found owing by said audit together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due the Funds during the pendency of this action;

   b. That jurisdiction of this matter be retained, pending compliance with the Court's orders; and

  c. Any such other further or different relief as may be just and equitable under the circumstances.

        Respectfully submitted,

        NOVARA TESIJA & CATENACCI, PLLC

BY: /s/Bryan M. Beckerman
   Bryan M. Beckerman (P51925)
   Alexander A. Dombrow (P82753)
   Attorneys for Plaintiffs
   888 W. Big Beaver Rd., Suite 600
   Troy, MI  48084
   (248) 354-0380
   bmb@ntclaw.com
   aad@ntclaw.com

Dated: November 13, 2019
W:\FUNDS\Mrcc\LITIGATION\San Marino Cement Wall, Inc\Pleadings\Complaint 10.7.19-DRAFT.Docx